# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**                                                        **CIVIL ACTION**

**VERSUS**

**TROY PORET, ET AL.**                                                        **NO. 13-725-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 19, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**                                                   **CIVIL ACTION**

**VERSUS**

**TROY PORET, ET AL.**                                              **NO. 13-725-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Cross Motions for Summary Judgment (R. Docs. 31, 53, and 60).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Troy Poret, Lt. William Smith, Lt. Col. Jason Girard, Unknown Sgt. Hawkins, and "LSP Angola Correctional Institutional."[1]  He complains that his constitutional rights were violated in August, September, and October of 2012 through the use of excessive force, unconstitutional conditions of confinement, deliberate indifference to his health and safety, denial of access to the courts, and retaliation.

---

[1] An attempt by the United States Marshal's Office to serve Lt. Col. Jason Girard, Unknown Sgt. Hawkins, and "LSP Angola Correctional Institutional" has proven unsuccessful, specifically because service of process was not accepted on behalf of Lt. Col. Girard as he is no longer employed at LSP, and no first name was provided to identify Sgt. Hawkins.  See R. Doc. 12.  Pursuant to requirements of Rule 4(m) of the Federal Rules of Civil Procedure at the time of the filing of the Complaint, the failure to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding.  Although a pro se plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge.  Since being informed of the lack of service, plaintiff has failed to take action to direct service on these defendants.  It is appropriate, therefore, that the plaintiff's claims asserted against Lt. Col. Jason Girard, Unknown Sgt. Hawkins, and "LSP Angola Correctional Institutional" be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

Defendants Ass't Warden Poret and Lt. Smith move for summary judgment relying upon the pleadings, Statements of Undisputed Facts, a certified copy of the plaintiff's pertinent Request for Administrative Remedy, certified copies of an Unusual Occurrence Report dated August 10, 2012, a disciplinary board report of the same date, certified copies of Inmate Location Sheets for the plaintiff, the plaintiff's Conduct Report, the Camp D Hawk Unit Chemical Agent Logbook dated August 10, 2012, and the Camp D Hawk 1R and 1L Shower/Tier/Yard Roster dated August 10, 2012 through September 25, 2012, and the affidavits of Troy Poret, William Smith, and Dr. Randy Lavespere.  The plaintiff opposes the defendants' Motions relying upon the pleadings, including his opposition memorandum submitted under penalty of perjury, his pertinent Request for Administrative Remedy, an Unusual Occurrence Report dated August 10, 2012, a disciplinary board report of the same date, the Camp D Hawk Chemical Agent Logbook dated August 10, 2012, the Camp D Shower Roster for August 10, 2012 through September 25, 2012, the plaintiff's Conduct Report, portions of the plaintiff's medical record, and Penitentiary Directive No. 09.002 regarding the use of force.  The plaintiff moves for summary judgment relying upon the pleadings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof

under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following. On August 10, 2012, the plaintiff received a disciplinary rule violation. He was escorted to administrative segregation and placed in a shower cell by defendant Lt. Smith. Defendant Smith thereafter asked the plaintiff to "snitch" on other inmates. When the plaintiff refused, Defendant Smith sprayed an entire can of Phantom chemical agent in the plaintiff's face without conducting a medical screening which would have revealed that the plaintiff suffers from asthma. The chemical agent caused the plaintiff to have severe breathing complications. The plaintiff was then housed in a one man cell

with another inmate for 47 days for 24 hours per day, without adequate ventilation, and was forced to sleep on the floor.

The plaintiff further alleges that on September 7, 2012 another inmate, Tonka Haynes, was sprayed with a chemical agent.  Without allowing inmate Haynes to shower or change clothes, inmate Haynes was forcefully placed into the cell occupied by the plaintiff.  The chemical agent on inmate Haynes' body or clothes caused the plaintiff to choke, which was witnessed by defendant Hawkins who did nothing despite being trained not to subject an asthma patient to chemical exposure, and to identify an asthma attack and contact medical personnel.  The plaintiff's requests for medical care were repeatedly denied, until the plaintiff was examined on September 9, 2012.

Finally, the plaintiff alleges that on October 16, 2012 defendant Lt. Col. Girard ordered the plaintiff to come to the bars of his cell.  When the plaintiff stepped forward, defendant Girard slapped him and sprayed an entire can of Phantom chemical agent over the plaintiff's body, without conducting a medical screening.  The plaintiff experienced severe breathing complications as a result.

The plaintiff additionally alleges that at unspecified times, defendant Ass't Warden Poret retaliated against the plaintiff by confiscating his legal documents, thereby denying him access to the courts.  The plaintiff also alleges that unspecified prison officials fabricated disciplinary reports in order to justify the use of chemical agents on the plaintiff.

In response to the plaintiff's allegations, moving defendants Poret and Smith first contend in their Motion for Partial Summary Judgment (R. Doc. 31) that the plaintiff's claims asserted against them in their official capacity for monetary damages should be dismissed.  While the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks the

recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983, *see Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989), the plaintiff subsequently amended his Complaint (R. Doc. 35) to clarify that all defendants are being sued only in their individual capacities.  Accordingly, the defendants' Motion for Partial Summary Judgment (R. Doc. 31) is moot in this regard.

The moving defendants next assert in their Motion for Partial Summary Judgment that some of the plaintiff's claims are subject to dismissal for failure to exhaust his administrative remedies.  Specifically, the defendants assert that the plaintiff failed to file an ARP regarding the alleged use of excessive force by defendant Girard on October 16, 2012.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2]  This provision is mandatory and applies broadly to "all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson*, *supra*,

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

A review of the certified copy of the plaintiff's pertinent Request for Administrative Remedy ("LSP-2012-3374) shows that the plaintiff submitted an ARP dated October 29, 2012 (R. Doc. 31-3; p. 5-14), which was denied at the First Step on January 7, 2013 and at the Second Step on March 5, 2013.  The plaintiff complained therein regarding the alleged events of August and September of 2012, described more fully above.  The plaintiff made no complaints in the referenced ARP regarding the alleged use of excessive force by defendant Girard on October 16, 2012, nor does the plaintiff assert any complaints therein regarding retaliation in the form of confiscation of his legal documents and the filing of false disciplinary reports, or denial of access to the courts.

The plaintiff has not identified any other ARP in which these claims were addressed prior to the filing of his Complaint, nor is there any such ARP in the record.  Accordingly, exhaustion has not occurred with regards to the plaintiff's complaints of the use of excessive force on October 16, 2012, retaliation, and denial of access to the courts.  Based upon the record before the Court, the defendants' Motion for Partial Summary Judgment (R. Doc. 31) should be granted as to these claims.

Moving defendants Poret and Smith next assert, in their Cross Motion for Summary Judgment (R. Doc. 53), that they are entitled to qualified immunity in connection with the plaintiff's claims.  Specifically, the defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[3]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims of the use excessive force in August of 2012, unconstitutional conditions of confinement, and deliberate indifference to his health and safety, the Court finds that the defendants' motion for summary judgment should be granted in part. Specifically, as to the plaintiff's claim regarding

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

the use of excessive force, the Court finds that there is a disputed question of material fact

regarding the objective reasonableness of the use of force on August 10, 2012.  As to the

plaintiff's claims of unconstitutional conditions of confinement and deliberate indifference to his

health and safety, the Court finds that the plaintiff's evidentiary showing is not sufficient to

support a finding that there are genuine disputed issues of material fact in this case relative these

claims.

First, with regard to the plaintiff's claim of excessive force, a use of force by a prison

official is excessive and violates the Eighth Amendment to the United States Constitution only

when such force is applied maliciously and sadistically for the very purpose of causing harm

rather than in a good faith effort to maintain or restore discipline.  *Wilkins v. Gaddy*, 559 U.S. 34,

37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Not every malicious or

malevolent action by a prison guard gives rise to a federal cause of action, however, and the

Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes

from constitutional recognition *de minimis* uses of physical force, provided that such force is not

of a sort "repugnant to the conscience of mankind."  *Hudson v. McMillian, supra*, 503 U.S. at 10,

*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The fact that an inmate may have sustained

only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to

gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim

merely because he has the good fortune to escape without serious injury."  *Wilkins v. Gaddy,*

*supra*, 559 U.S. at 38.  Notwithstanding, the Court may consider the extent of injury, if any, as

potentially relevant to a determination whether an alleged use of force was excessive under the

circumstances.  In addition, other factors that may be considered in determining whether an

alleged use of force has been excessive include the perceived need for the application of force,

the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Applying the foregoing standard, the Court finds that there is a disputed question of material fact in this case regarding the objective reasonableness of the defendant Smith's use of force on August 10, 2012.  In response to the plaintiff's allegations, the defendants have introduced evidence reflecting that, at approximately 5:05 p.m. on the referenced date, the plaintiff was placed in the Hawk 1 right shower cell by defendant Smith, after the plaintiff was issued a disciplinary charge for an aggravated sex offense for which he was later found guilty. *See* R. Docs. 53-3, p. 4 and 53-5, p. 6.  Defendant Smith then gave the plaintiff several direct verbal orders to remove his clothing so a strip search could be performed.  The plaintiff refused and began shaking the bars while stating, "F**k you b***h, you no good Lt. mother f****r." *See* R. Docs. 53-3, p. 5-6 and 53-5, p. 6.  Defendant Smith then retrieved a can of phantom chemical agent and returned to the shower cell.  The plaintiff was again given several direct verbal orders to remove his clothing and stop causing a disturbance.  The plaintiff refused to comply, and defendant Smith then released 38 grams of chemical agent into the plaintiff's cell. The plaintiff then complied with defendant Smith's orders and was given a shower, a clean jumpsuit, and was seen by medical.  *See id.*  A disciplinary report was issued for defiance and aggravated disobedience, for which the plaintiff was later found guilty.  *See* R. Doc. 53-3, p. 5-6.

The defendants assert that, in response to the plaintiff's refusals to remove his clothing and cease the disturbance, defendant Smith utilized minimal and necessary force to maintain discipline.  The question becomes, therefore, whether defendant Smith's use of force in response

to the plaintiff's act of refusal was objectively reasonable or whether it instead rose to the level of excessive force prohibited by the Eighth Amendment.

In opposition to the defendant's Motion, the plaintiff states under penalty of perjury that defendant Smith sprayed the plaintiff with a chemical agent without instigation.[4]  The plaintiff further states that at the time the chemical agent was employed he was secured in full body restraints, remained passive in his cell, was not causing a disturbance, and was not hostile.  *See* R. Doc. 61.  As such, the Court has been presented with two conflicting accounts of the complained of occurrence.  The Court cannot make credibility calls between these two conflicting versions of events.  Construing the facts in a light most favorable to the plaintiff, the Court finds that the evidence submitted by the plaintiff is sufficient to create a disputed question of material fact regarding the objective reasonableness of the use of force in this case.  In sum, an issue of fact precludes summary judgment on the issue of the alleged use excessive force by Defendant Smith on August 10, 2012, and the defendants' Motion should be denied as to this claim.[5]

Turning to the plaintiff's interrelated claims regarding unconstitutional conditions of confinement pertaining to his housing conditions in August and September of 2012, and deliberate indifference to his health and safety, these claims arise under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain.  *Wilson v. Seiler*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The prohibition against cruel and

---

[4] The plaintiff signed his opposition memorandum under penalty of perjury; thus, it may be considered competent summary judgment evidence.  *See* 28 U.S.C. § 1746.

[5]  None of the complained use of force on August 10, 2012 pertains to any other defendant.  Accordingly, only the claim against Defendant Smith survives this ruling.

unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir.1994), *citing Wilson v. Seiter*, *supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, *supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*. While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter*, *supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present

facts to support what are otherwise broad and conclusory allegations of wrongdoing.  *See*

*Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Regarding the plaintiff's claim relative to the double-celling of inmates in administrative segregation without adequate ventilation and no out of cell time, the Court first notes that in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  As to defendant Ass't Warden Poret, the plaintiff has alleged only that he spoke to defendant Poret regarding his conditions of confinement and defendant Poret ignored his complaints.  This allegation is insufficient to establish personal involvement on the part of defendant Poret.  Any implied allegation that defendant Poret is responsible for the actions of his subordinates or co-employees is alone is also insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  *Lozano v. Smith*, *supra*.  In the absence of any such factual allegations relative to defendant Poret, there is no basis for the imposition of liability against him.

In any case, the Court finds that the plaintiff has failed to allege a constitutional violation against any defendant.  First, the plaintiff was not double-celled with another inmate for 47 days as alleged.  Rather, the plaintiff shared a cell with another inmate for a total of 26 days from

August 14-20, 2012, August 26-29, 2012, September 7-13, 2012, and September 18-25, 2012. *See* R. Doc. 53-6.  The law is clear that the mere fact that an inmate may be double-celled for a period of time does not, as a matter of law, state a claim of constitutional dimension.  It has been held that such a claim, without more, does not violate an inmate's constitutional rights.  *Rhodes v. Chapman*, 452 U.S. 337, (1981).  *See also Duncan v. Puckett*, 91 F.3d 137 (5th Cir.1996) (claim of being placed "in a single cell with another inmate" dismissed as frivolous); *Higgins v. Jefferson Parish Prison*, 1998 WL 24137 (E.D. La. March 7, 1988 (claim of "being housed in a cell with another inmate which was originally designed for single occupancy" dismissed as frivolous).  Further, the record reflects that it is sometimes necessary to double bunk offenders in administrative segregation.  Before an offender is double bunked, a protection review is conducted to ensure the offender is not bunked with a known enemy.  Additionally, a mattress is placed in the cell for the offender to sleep on.  The offender is not forced to sleep on the floor. *See* R. Doc. 53-5, p. 3.  Accordingly, on the record before the Court, there is no apparent violation of the plaintiff's constitutional rights in the decision to double-cell inmates at LSP.

Similarly, the plaintiff's complaints about inadequate outdoor exercise fail to state a cognizable § 1983 claim of violation of his constitutional rights.  The plaintiff did not receive yard time because he was considered to be a security concern.  *See* R. Doc. 53-5, p. 2.  The plaintiff has not presented any evidence that the denial of exercise caused any serious health hazard.  His medical records reflect no such deleterious health effect.  The plaintiff merely alleges in a conclusory fashion that he experienced problems that harmed his health.  This speculation is insufficient to establish either a substantial risk of serious harm or any actual injury.  *See Haralson v. Campuzano*, 356 F. App'x 692, 697 (5th Cir.2009) (inmate who was denied out-of-cell exercise for seven months while in the prison infirmary failed to raise a

genuine issue of material fact as to whether he suffered a serious injury sufficient to constitute an Eighth Amendment violation); *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir.2008) (Assuming the evidence created a fact issue whether plaintiff suffered from muscle atrophy, stiffness, loss of range of motion, and depression as a result of lack of out-of-cell exercise for 13 months, "there is nonetheless no indication these conditions posed a substantial risk of serious harm. The district court properly concluded there was no genuine issue as to whether Hernandez suffered a 'serious illness or injury' sufficient to constitute an Eighth Amendment violation."); *Doolittle v. Holmes*, 2010 WL 22552, *6 (M.D. La. Jan. 4, 2010) ("[A]lthough the plaintiff alleged in his Complaint that he suffered muscle atrophy as a result of his confinement for 2 1/2 months without exercise, there is no evidence to support this conclusory assertion. The plaintiff has provided nothing to support his claim of muscle atrophy or to show its extent or duration," and his medical records revealed no complaints about muscle atrophy during the relevant time period.). The plaintiff's claims of inadequate ventilation are likewise purely conclusory and unsubstantiated.

Turning to the plaintiff's claim that his constitutional rights were violated by subjecting the plaintiff to secondary exposure to a chemical agent, it is well-settled that the Eighth Amendment to the United States Constitution prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). On the evidence presented, the Court fails to discern a constitutional violation in the facts alleged. The plaintiff has failed to show that defendant Sgt. Hawkins or any other defendant intended to cause the plaintiff harm or was subjectively aware of a substantial risk of serious harm which the defendant ignored.

The plaintiff alleges that on September 7, 2012 another inmate, Tonka Haynes, was sprayed with a chemical agent, and was forcefully placed in a cell with the plaintiff without inmate Haynes being allowed to shower or change clothes. The plaintiff alleges that as a result of being housed with inmate Haynes, his asthma was aggravated. He further alleges that defendant Sgt. Hawkins watched him "choking nearly to death," but refused to remove inmate Haynes from the cell. The plaintiff additionally alleges that he was subsequently denied medical care for two days.

The evidence submitted by the defendants shows that the plaintiff and inmate Haynes were housed in the same cell from September 7-13, 2012. Inmate Haynes refused to shower on September 7 and 8, 2012. *See* R. Doc. 53-6, p. 30-36. The medical records reflect that the plaintiff has submitted Health Care Request Forms in the past and is familiar with the process, yet the medical records submitted by the plaintiff reflect no requests for medical care by the plaintiff until September 9, 2012. At that time, the plaintiff complained of coughing and shortness of breath, but upon examination his lungs were clear and equal bilaterally, he exhibited no signs of distress, and medical personnel did not witness any coughing. *See* R. Doc. 61-2, p. 26. No further medical complaints regarding the same are found in the record.

As such, the plaintiff's allegations are not only unsubstantiated but are contrary to the evidence. The evidence fails to reflect a substantial risk of serious harm to the plaintiff that was ignored by defendant Hawkins or any other defendant. Again, offenders with asthma are not exempt from being exposed to a chemical agent when a behavioral problem arises. *See* R. Doc. 53-5, p. 10. Furthermore, the evidence reflects that the plaintiff was promptly provided with a medical examination once he requested medical care on September 9, 2012. If anything, it appears that the plaintiff's claim amounts to one of mere delay in the provision of medical care,

not to deliberate indifference to a perceived risk of serious harm.  A mere delay in providing

medical treatment does not amount to a constitutional violation without both deliberate

indifference and a resulting substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th

Cir.1993).  On the record before the Court, there is no apparent violation of the plaintiff's

constitutional rights regarding unconstitutional conditions of confinement or deliberate

indifference to his health and safety.

## RECOMMENDATION

It is recommended that plaintiff's claims against Lt. Col. Jason Girard, Unknown Sgt.

Hawkins, and "LSP Angola Correctional Institutional" be dismissed, without prejudice, for

failure of the plaintiff to serve these defendants within 120 days as mandated by Federal Rule of

Civil Procedure 4(m) at the time of the filing of the plaintiff's Complaint.  It is further

recommended that the defendants' Motion for Partial Summary Judgment (R. Doc. 31) be

granted, dismissing without prejudice the plaintiff's claims against all defendants of the alleged

use of excessive force on October 16, 2012, retaliation, and denial of access to the courts due to

the failure of the plaintiff to exhaust his administrative remedies with regards to these claims as

required by 42 U.S.C. § 1997e.  It is further recommended that the defendants' Motion for

Summary Judgment (R. Doc. 53) be granted in part, dismissing with prejudice the plaintiff's

claims of unconstitutional conditions of confinement and deliberate indifference to his health and

safety.

It is the further recommendation of the Magistrate Judge that only as to the plaintiff's

claim against Defendant Smith of the use of excessive force on August 10, 2012, the defendants'

Motion (R. Doc. 53) be denied.  It is further recommended that the plaintiff's Cross Motion for

Summary Judgment (R. 60) be denied.  It is further recommended that this matter be referred back to the undersigned for further proceedings as appropriate.

Signed in Baton Rouge, Louisiana, on February 19, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**